Filed 12/13/13  P. v. Pierce CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C074216 |
| Plaintiff and Respondent, | (Super. Ct. No. CM038054) |
| v. | |
| DEREK ELDEEN PIERCE, | |
| Defendant and Appellant. | |

Defendant Derek Eldeen Pierce pled no contest to first degree robbery in concert of an inhabited dwelling house.  He was sentenced to prison for six years; awarded 148 days' custody credit and 22 days' conduct credit; ordered to make restitution to the victim in the amount of $539.57; and ordered to pay an $850 penal fine including penalty assessments, a $40 court operations fee, and a $30 court facilities assessment; a $39 theft fine including penalty assessments; a $280 restitution fine; a $280 restitution fine suspended unless parole is revoked; and a $736 presentence investigation report fee.

FACTS

On January 24, 2013, three men appeared at the front door of Carl Rauch's residence, pepper sprayed his face, and demanded his guns.  The Butte County Sheriff's

1

Office later received a report that Rauch's truck and guns had been stolen. A deputy located the truck and pursued it at high speed until the truck collided with a fire hydrant and a power pole. The driver, codefendant Christopher South, left the truck and was apprehended. Rauch was brought to the scene and identified items of his property. In an interview, South said he committed the robbery with two people he had met at an Oroville casino. The casino's surveillance video showed South, two males and a female conducting what appeared to be a drug transaction. The perpetrators were associated with two cars, one of which was registered to defendant. When confronted, South identified his coparticipants as defendant and Marcus Jones. Jones and defendant admitted their involvement. Defendant claimed he participated under duress.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

       ROBIE       , Acting P. J.

We concur:

       BUTZ       , J.

       MAURO       , J.